# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES STRAIN, | ) | 1:05-cv-01532-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 11) |
| v. | ) | |
| | ) | ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |
| DERRAL ADAMS, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 1, 2005, Petitioner filed the instant petition, alleging various constitutional violations resulting from a prison disciplinary hearing held on July 23, 2003, after which Petitioner was found guilty of possessing an inmate-manufactured weapon. (Doc. 1, pp. 4-5, 17). On June 8, 2007, Respondent filed the instant motion to dismiss, contending, inter alia, that the claims in the petition were moot because Petitioner was not penalized with a loss of credits. (Doc. 11). Petitioner filed no opposition to the motion to dismiss.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss (Doc. 11) is based on, inter alia, mootness, i.e., lack of a viable case or controversy invoking the jurisdiction of this Court. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Procedural History: The Prison Disciplinary Hearing

At the time of the events alleged in the petition, Petitioner was an inmate in the California Substance Abuse Treatment Facility at Corcoran State Prison, Corcoran, California. (Doc. 1, p. 1). On December 23, 2002, Petitioner was issued a rules violation report for possession of a weapon in his cell. (Doc. 11, Exh. 1). Petitioner denied that the weapon was his and indicated that someone was trying to set him up for the crime. (Id., Exh. 1, p. 3). On July 23, 2003, a hearing was held after which the hearing officer found Petitioner guilty of the offense. (Id.). However, "due to failure of staff adhering to the time constraints...," Petitioner was not required to forfeit any days of credit. (Id. at p. 4). The hearing officer did assess Petitioner ten days of disciplinary detention, but gave him credit for time already served. (Id.).

C. Petitioner's Claims Are Moot And The Petition Should Be Dismissed

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70,

1  104 S. Ct. 373 (1983); <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003); <u>N.A.A.C.P.,
2  Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes
3  moot when "it no longer present[s] a case or controversy under Article III, sec. 2, of the
4  Constitution."  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Wilson</u>, 319 F.3d at 479.  In order to
5  satisfy the case-or-controversy requirement, the parties must have a personal stake in the
6  outcome of the suit throughout "all stages of federal judicial proceedings."  <u>Wilson</u>, 319 F.3d at
7  479 (quoting <u>United States v. Verdin</u>, 243 F.3d 1174, 1177 (9th Cir. 2001)).

8       Thus, the Court has no power to decide cases that do not affect the rights of the litigants
9  in the case before them.  <u>Defunis v. Odegaard</u>, 416 U.S. 312, 316, 94 S. Ct. 1794 (1974);
10 <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 527-528 (9th Cir. 1996).  "To satisfy the Article III case or
11 controversy requirement, a litigant must have suffered some actual injury that can be redressed
12 by a favorable judicial decision."  <u>Iron Arrow</u>, 464 U.S. at 70; <u>Simon v. Eastern Ky. Welfare
13 Rights Org.</u>, 426 U.S. 26, 38, 96 S.Ct. 1917 (1976).

14      "A habeas petition challenging the underlying conviction is never moot simply because,
15 subsequent to its filing, the petitioner has been released from custody."  <u>Wilson</u>, 319 F.3d at 479
16 (quoting <u>Chacon v. Wood</u>, 36 F.3d 1459, 1463 (9th Cir. 1994), <u>superseded on other grounds by</u>
17 28 U.S.C. § 2253(c)).  Some collateral consequence of the conviction must exist, however, in
18 order for the suit to be maintained.  <u>Spencer</u>, 523 U.S. at 7; <u>Wilson</u>, 319 F.3d at 479.

19      In <u>Spencer</u>, the United States Supreme Court held that the presumption of collateral
20 consequences does not apply to the revocation of parole.  <u>Spencer</u>, 523 U.S. at 12-14.  In <u>Wilson</u>,
21 the Ninth Circuit extended that rule to include disciplinary proceedings.  <u>Wilson</u>, 319 F.3d at
22 480.

23      After reviewing the evidence in this record, the Court concludes that <u>Wilson</u> is
24 dispositive, that the issues raised in the petition are moot, and that the petition itself should
25 therefore be dismissed.  In <u>Wilson</u>, the inmate escaped from Folsom State Prison in 1984 and
26 was apprehended in England in 1992.  <u>Wilson</u>, 319 F.3d at 478.  "Escape" was a rules violation
27 for which a prison disciplinary hearing was required.  <u>Id.</u>  After the district attorney dismissed the
28 escape charges, a prison disciplinary hearing was held at the end of which Wilson was found

guilty and assessed a 150-day credit loss, loss of 90-days' privileges, and a 10-day confinement to quarters. Id. His "classification" score as an inmate was increased from 90 to 102. Id. Subsequently, the assessment of the 150-day credit loss was eliminated. Id.

Wilson contended that his federal petition was not moot because he suffered "collateral consequences" from his rules violation "conviction," including loss of conjugal visits, transfer to a higher security prison, and an increase in his "classification" score. Id. at 481. As an initial matter, the Ninth Circuit held that the inmate was not entitled to any presumption of collateral consequences as a result of a prison disciplinary proceedings. Id. Thus, the only issue was whether Wilson had "alleged [actual] consequences sufficient to meet the case-or-controversy requirement." Id. After reviewing Wilson's contentions regarding the collateral consequences of his rules violation, the Ninth Circuit rejected all of the allegations as either "unrelated" to his rules violation, discretionary with prison authorities, or "speculative." Id. at 482.

Wilson controls the Court's decision regarding mootness. First, the record clearly supports a finding that Petitioner's potential 360-day credit forfeiture was never in fact imposed. Second, the ten-day disciplinary detention was satisfied by time already served by Petitioner prior to the disciplinary hearing.

Having determined that Petitioner was not penalized in fact by the loss of any credits that might affect the length of his confinement, and that the actual penalty imposed, i.e., detention time, had already been served as of the time of the hearing, and given the Ninth Circuit's holding in Wilson that collateral consequences of a prison disciplinary hearing are not presumed, the only remaining issue is whether Petitioner has established "actual" collateral consequences that are sufficient to meet the case-or-controversy requirement of Article III. Wilson, 319 F.3d at 481. Petitioner has not.

Ground One of the petition alleges that Petitioner was denied due process because he was not allowed to present witnesses at the hearing. (Doc. 1, p. 4). In Ground Two, Petitioner argues that his appointed investigator did not adequately perform his duties. (Id.). In Ground Three,

Petitioner argues that he was denied a timely hearing and was prejudiced thereby. (Id. at p. 5).[1]

These allegations, however, fail to allege even hypothetical collateral consequences, much less actual ones. In Wilson, the inmate at least *alleged* collateral consequences--an increase in his "classification" score, denial of conjugal visits, and transfer to a higher security facility--although the Ninth Circuit ultimately rejected these purported consequences on various grounds. By contrast, in his petition, Petitioner has not alleged *any* collateral consequences. In the "brief" attached to the petition, Petitioner mentions that he was later transferred to a maximum security prison and that his release date was changed from March 2007 to September 2007 because he was unable to receive work credits. (Doc. 1, p. 22). Petitioner, however, does not allege, and the Court, following Wilson, does not presume, that these two consequences were a result of the disputed disciplinary hearing in 2003. This is especially so in light of the fact that the hearing officer was careful to point out that the delay in the proceedings justified a disposition that did not involve any further penalties to Petitioner, other than the detention penalty satisfied by time already served. Thus, there is nothing on which the Court can base a finding that actual collateral consequences resulted from the contested disciplinary hearing. Hence, there is no relief the Court can afford Petitioner.

For the foregoing reasons, the Court concludes that there is no case or controversy, the claims in the petition are moot, and thus, the motion to dismiss should be granted and the petition should be dismissed. Wilson, 319 F.3d at 482.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's Motion to Dismiss (Doc. 11), be GRANTED; and

2. That the habeas corpus Petition (Doc. 1), be DISMISSED with prejudice as MOOT.

---

[1] Petitioner also lists a Ground Four, but indicates therein that he alleges simply, "all other due process issues presented in the writ of habeas corpus." (Doc. 1, p. 5). Petitioner then directs the reader to his attached, handwritten brief. However, in that brief, Petitioner again only lists the three substantive claims for relief listed in Grounds One, Two, and Three. Accordingly, the Court will address only those claims that are alleged and set forth with specificity in Grounds One through Three. See Rule 2 of the "Rules Governing Section 2254 Cases. Conclusory allegations, such as the "omnibus" claim in Ground Four, do not warrant habeas relief. See Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief).

1  These Findings and Recommendations are submitted to the United States District Judge
2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3  the Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within twenty (20) days after being served with a copy, any party may file written objections with
5  the Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
7  and filed within ten (10) court days (plus three days if served by mail) after service of the
8  objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to
9  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 Dated:   **January 29, 2008**                                         /s/ Theresa A. Goldner
                                                                          UNITED STATES MAGISTRATE JUDGE